IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 4:08CR3090 |
| | ) | |
| v. | ) | |
| | ) | |
| LEROY HENRY COOPER, | ) | MEMORANDUM AND ORDER |
| | ) | |
| Defendant. | ) | |
| | ) | |

Pending before me is the defendant's motion for bill of particulars.  Filing 22.  The indictment filed against the defendant alleges that between October 18, 1999 until May 26, 2008, the defendant knowingly and intentionally combined, conspired, and agreed with other persons to distribute and possess with the intent to distribute 50 or more grams of methamphetamine.  The defendant claims he cannot adequately prepare for trial unless the government provides:

1.   The dates and places of any and all crimes alleged to have been committed by defendant, Leroy Cooper, including all dates and places of criminal acts alleged in the indictment, and

2.   The names of any unindicted co-conspirators the government plans to use as witnesses.

Filing 22.

The government argues that the motion for bill of particulars should be denied.  Filing 27.  Specifically, the government states:

In this case, the government provided discovery materials to the Defendant pursuant to Rule 16.1(a) on July 15, 2008. (Filing No. 13).  Additional discovery material was sent to the Defendant on July 28, 2008. He was provided with police reports, including property

> reports, lab reports, and photographs, which are
> relevant to the charged offenses.  Because the
> Defendant has access to this material, and has had such
> access for approximately 60 days, the United States
> does not believe that it should be required to file a
> Bills of Particulars in this matter.

Filing 27, at CM/ECF p. 2.  The defendant admits to receiving six
investigative reports dating back to 1996, approximately a
thousand pages of reports, and a copy of the defendant's criminal
history record for convictions occurring in 2001 and 2005.
Filing 23.


"A bill of particulars serves to inform the defendant of the
nature of the charge against him with sufficient precision to
enable him to prepare for trial, to avoid or minimize the danger
of surprise at trial, and to enable him to plead his acquittal or
conviction in bar of another prosecution for the same offense
when the indictment is too vague and indefinite." United States
v. Hernandez, 299 F.3d 984, 989-90 (8th Cir. 2002).  When, as in
this case, the information requested by bill of particulars is
already available to the defendant through other documentary
evidence in his possession, the defendant need not receive a bill
of particulars to fully defend the case. U.S. v. Brockman, 183
F.3d 891, 896 n. 3 (8th Cir. 1999).


The defendant's motion also seeks a list of the witnesses
the government will call to testify at trial.  Although a
district court may order the government to disclose its witness
list for trial, "criminal defendants have no right in noncapital
cases to require disclosure of the list of government witnesses
under Fed.R.Crim.P. 16(a)." U.S. v. White, 750 F.2d 726, 728
(8th Cir. 1984).  There is no constitutional right to discovery
in a criminal case; though Brady v. Maryland, 373 U.S. 83 (1963)

2

requires the government to disclose evidence favorable to the
defendant upon request, "[i]t does not follow from the
prohibition against concealing evidence favorable to the
accused that the prosecution must reveal before trial the names
of all witnesses who will testify unfavorably." Weatherford v.
Bursey, 429 U.S. 545, 559 (1977).

    The defendant has failed to show any need for a bill of
particulars.  He possesses or has access to the information
needed to prepare for trial or plead double jeopardy as a bar to
further prosecution.  His motion for bill of particulars will be
denied.

    IT THEREFORE HEREBY IS ORDERED:  Defendant's motion for bill
of particulars, filing 22, is denied.

    DATED this 25th day of September, 2008.

                                BY THE COURT:

                              s/ *David L. Piester*
                              David L. Piester
                              United States Magistrate Judge