IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 4:08CR3090 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| LEROY HENRY COOPER, | ) | |
| | ) | |
| Defendant. | ) | |

Leroy Henry Cooper ("Cooper") filed a Motion to Vacate under 28 U.S.C. § 2255 on August 6, 2012. (Filing 86.) After initial review, I will dismiss the Motion with prejudice because the files and records plainly show that Cooper is not entitled to relief.

## I. BACKGROUND

Under the Criminal Justice Act, Cooper was represented by Chad Wythers. (Filing 9.) Cooper was charged in a superseding indictment with a methamphetamine conspiracy and possession of a Merlin lever action rifle, Model 1893, after having been convicted of a felony. (Filing 44.) Wythers negotiated a plea agreement that, among other things, provided the government would not file an information triggering an increased statutory minimum sentence, stipulated that Cooper was responsible for between 500 grams and 1.5 kilograms of methamphetamine, estimated Cooper's base offense level (if driven by the drug quantity) at 32[1] and recommended that Cooper "be sentenced at low end of the applicable Guidelines." (Filing 61.) There was no agreement on criminal history. (*Id.*) In the plea agreement, Cooper also waived his right to appeal and to collaterally attack his conviction and sentence except for

---

[1] This was *not* a Rule 11(c)(1)(C) plea agreement that bound me at sentencing.

ineffective assistance of counsel or prosecutorial misconduct claims.[2] (*Id*. at CM/ECF p. 6.)  After conducting a lengthy Rule 11 proceeding, I accepted the plea and found Cooper guilty.  (Filing 59.)

On September 29, 2009, I sentenced Cooper to 188 months in prison on the conspiracy charge and 120 months in prison on the gun charge with the sentences to run concurrently.  (Filings 77 and 182.)  I also ran the terms of supervised release concurrently.  (Filing 77.)

At sentencing, I sustained Wyther's objection that the weapon could not be shown to be associated with the drug crime for enhancement purposes under the Guidelines.  (Filing 77; Filing 78 (digital audio at 05:50 to 20:00).)  However, the base offense level of 34 remained the same because Cooper was a career criminal.  *See* U.S.S.G. § 4B1.1(b)(2).  With 19 criminal history points, Cooper's criminal history stood at VI with or without the career offender designation.  (Filing 83 at CM/ECF p. 17 and ¶¶ 75 and 76 (Presentence Investigation Report ("PSR")).)  With a total offense level of 31 and a criminal history category of VI, his Guideline range for prison purposes was 188 to 235 months.  (Filing 82.)  Judgment was entered on October 5, 2009.  (Filing 81.)  There was no appeal.

Referring to filing 79, Cooper mistakenly asserts that a notice of appeal was filed.  (Filing 86 at CM/ECF p. 4.)  He is incorrect.  Filing 79 is not a notice of appeal but rather a written "Notice of *Right* to Appeal."  (*See* Filing 79 (Emphasis added).)  Cooper signed the "Notice of Right to Appeal" acknowledging his receipt of that document.  (*Id*.)  In that document (and orally) Cooper was explicitly warned that "a

---

[2]There was one other exception that is not pertinent here.  If the charge to which Cooper entered a guilty plea failed to state a crime as determined by a later decision of the Court of Appeals or the Supreme Court, Cooper could then challenge the conviction and sentence based upon that subsequent decision.  (Filing 61 at CM/ECF p. 6.)

notice of appeal must be filed with the Clerk" within 10 days and if "the notice of appeal is not timely filed, a defendant may lose his or her right to appeal." (*Id.*; Filing 78.)

## II. ANALYSIS

Cooper claims that Wythers was ineffective because Wythers lied to him and told him he would not receive a sentence of more than five or six years, Wythers failed to advise him that he would be sentenced under the Guidelines and Wythers advised him to plead guilty to possession of an antique rifle. (Filing 86 at CM/ECF p. 1.) For the following reasons, Cooper's claims must be dismissed with prejudice.

### *Limitations Period*

First, Cooper's motion is not timely because it was not filed within the 1-year limitations period provided by 28 U.S.C. § 2255(f)[3] and Cooper has provided no basis

---

[3]In full, that sections provides:

(f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented

to excuse that requirement under the provisions of 28 U.S.C. § 2255(f)(1)-(4) or under the doctrine of equitable tolling. Cooper had ten days to file a notice of appeal.[4] Because no appeal was filed, the 1-year limitations period began to run 10 days after the entry of judgment. *See*, *e.g.*, *Anjulio-Lopez v. United States*, 541 F.3d 814, 816 (8th Cir. 2008) (where defendant failed to file direct appeal, his conviction became final ten days after the entry of judgment) (citation omitted). That is, on or about October 16, 2009, the clock started. The § 2255 motion was not filed until August 6, 2012. Obviously, the 1-year time period had expired when Cooper filed his motion.

Although it is not clear, Cooper may argue that his ineffective assistance of counsel claims are predicated on two recent Supreme Court cases and therefore the limitations period did not start to run within the meaning of 28 U.S.C. § 2255(f)(3) until those new decisions were issued. Cooper cites *Lafler v. Cooper*, 132 S. Ct. 1376 (2012) (reaffirming that the *Strickland* standard applies to plea bargaining even where the defendant has received a full and fair trial; holding, among other things, that where counsel's ineffective advice led to an offer's rejection, and where the prejudice alleged is having to stand trial, a defendant must show that but for the ineffective advice, there is a reasonable probability that the plea offer would have been presented to the court, that the court would have accepted its terms, and that the conviction or sentence, or both, under the offer's terms would have been less severe than under the actual judgment and sentence imposed) and *Missouri v. Frye*, 132 S. Ct. 1399 (2012) (elaborating upon *Strickland* and, among other things, holding that to establish prejudice, as an element of a claim of ineffective assistance, where a plea offer has lapsed or been rejected because of counsel's deficient performance, it is necessary to show a reasonable probability that the end result of the criminal process would have

---

could have been discovered through the exercise of due diligence.

[4]Although not relevant to this case, the time was later enlarged to 14 days.

been more favorable by reason of a plea to a lesser charge or a sentence of less prison time). (Filing 86 at CM/ECF pp. 2-3.)

The difficulty with such an argument is that Cooper's claim of ineffective assistance of counsel regarding an accepted plea bargain is premised on the well-known principles set out in *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984) (announcing principles for evaluation of claims of ineffective assistance of counsel under the Sixth Amendment) and *Strickland* was issued long ago. Cooper does not explain how *Lafler* and *Frye* created a new rule for cases such as his, and I cannot discern any basis for such an argument.

Indeed, for decades, the Eighth Circuit has applied the *Strickland* standard to claims of ineffective assistance of counsel involving accepted plea bargains like the one we have here. *See*, *e.g.*, *United States v. Storey*, 990 F.2d 1094, 1097 (8th Cir. 1993) (applying *Strickland*, among other cases, and holding that the defendant failed to establish ineffective assistance of counsel in connection with plea bargain based on alleged erroneous advice that defendant would be eligible for parole, even though plea agreement indicated that defendant's cooperation would be brought to attention of parole authorities, where plea petition expressly stated that defendant would not be eligible for parole, and district court was meticulously careful to ensure that plea was offered in knowing and voluntary manner). Accordingly, Cooper cannot take advantage of 28 U.S.C. § 2255(f)(3).

Cooper also tries to excuse his tardy filing by suggesting that the Bureau of Prisons transferred him from place to place and it was not until he got to a prison in Oregon on August 18, 2011, that he was able to attend to this case. (Filing 86 at CM/ECF pp. 4-5.) Therefore, he argues the Bureau of Prisons impeded an earlier filing and he apparently argues that the 1-year limitations period does not bar this action either under the provisions of 28 U.S.C. § 2255(f)(2) or under the doctrine of equitable tolling. This argument is specious.

Initially, under 28 U.S.C. § 2255(f)(2) and the related but slightly different doctrine of equitable tolling, Cooper must show that (1) an extraordinary circumstance beyond his control prevented a timely filing and (2) he exercised due diligence. *See, e.g., E.J.R.E. v. United States*, 453 F.3d 1094, 1098 (8th Cir. 2006). He has failed to demonstrate the required extraordinary circumstance and due diligence.

Simply being transferred from prison to prison is not enough to toll the limitations period. That is particularly true where, as here, the party seeking the benefit of the excuse fails to show due diligence. Indeed, our Court of Appeals has held that "repeated transfers," among other things, are not a sufficient basis upon which to toll the limitations period absent a showing of due diligence while in the process of being transferred. *Anjulio-Lopez,* 541 F.3d at 818-819. Other courts follow a similar rule. *See*, e.g., *Warren v. Kelly*, 207 F. Supp. 2d 6, 10 (E.D.N.Y. 2002) (concluding transfers between prison facilities, solitary confinement, lockdowns, restricted access to the law library and an inability to secure court documents do not qualify as extraordinary circumstances for purposes of tolling the limitation period). Cooper provides no explanation why the transfers impeded his ability to file a motion promptly or what he did during those transfers to diligently pursue his rights.

Finally, Cooper also seems to argue, albeit in passing, that he was confused because he thought a notice of appeal had been filed and he was awaiting a decision on that appeal. (Filing 86 at CM/ECF pp. 4-5.) That excuse lacks merit because, among other reasons, Cooper should have known that no appeal had been or would be taken. After all, he signed a plea agreement which explicitly waived his right to appeal and I carefully advised Cooper during the plea-taking proceedings that he was giving up his right to appeal. (Filing 59 (digital audio) at 18:11 and following.) If Cooper was truly confused, it was his lack of diligence that caused the confusion.

*Ineffective Assistance of Counsel*

Second, even if Cooper's motion was not late, I would deny it because the files and records plainly show that counsel was not ineffective and because Cooper suffered no prejudice. Because this claim is weak, I will only briefly address it.

In order to prevail on a claim that defense counsel rendered ineffective assistance of counsel under *Strickland*, the claimant must establish two things. He or she must establish that (1) "'counsel's representation fell below an objective standard of reasonableness,'"[5] and (2) "'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'"[6] *Nguyen v. United States*, 114 F.3d 699, 703-04 (8th Cir. 1997) (quoting *Strickland*, 466 U.S. at 688, 694.)

An evidentiary hearing is unnecessary if the claimant makes an insufficient preliminary showing on either or both prongs or the record clearly contradicts the claimant's showing on either or both prongs. *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995) (affirming denial of § 2255 motion without a hearing in the face

---

[5] A judge's "scrutiny of counsel's performance must be highly deferential" and the judge must "indulge a strong presumption that counsel's conduct falls within the range of reasonable professional assistance." *Reed v. United States*, 106 F.3d 231, 236 (8th Cir. 1997). In other words, a judge should make "every effort" to "eliminate the distorting effects of hindsight" by examining the lawyer's performance from "counsel's perspective at the time" of the alleged error. *Strickland*, 466 U.S. at 689.

[6] A "reasonable probability" is less than "more likely than not," *Kyles v. Whitley*, 514 U.S. 419, 434 (1995), but it is more than a possibility. *White v. Roper*, 416 F.3d 728, 732 (8th Cir. 2005). It must be compelling enough to "undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. "This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687.

of an ineffective assistance of counsel claim; stating that no evidentiary hearing is required where "(1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact").

Initially, and incredibly, Cooper claims that Wythers told him that he would only get 5 or 6 years in prison. That claim is absurd. The files and records establish beyond any question that Cooper understood and, in fact, represented to me that no one had "promised, suggested or predicted [that Cooper would] receive a lighter sentence, or probation, or any other form of leniency if [Cooper] plead GUILTY" and that no one had "made any promise that cause[d] [Cooper] to plead GUILTY, aside from the promises, if any, set out" in the written plea agreement. (*See, e.g,.* Filing 60 at CM/ECF p. 12.)

Next, and again incredibly, Cooper claims that Wythers was ineffective because Cooper was not informed that he would be sentenced under the Guidelines. This too is absurd. The files and records establish the Cooper understood and represented to me that he "will be sentenced by the judge after consideration of the advisory federal sentencing guidelines" and the Guidelines were explained to Cooper in great detail. (*See, e.g., id.* at CM/ECF pp. 8-11.)

Lastly, Cooper argues that Wythers was ineffective in advising Cooper to plead guilty to possession of an "antique" rifle. This claim is equally frivolous. The rifle was specifically checked by the Bureau of Alcohol, Tobacco and Firearms and found to be a weapon that convicted felons could not possess. (Filing 83 at CM/ECF p. 7 (PSR ¶ 30: "Inv. Phillips contacted S.A. Todd Monny with A.T.F. and learned that the rifle is considered a firearm under A.T.F. guidelines.").) Furthermore, Cooper suffered no prejudice by pleading guilty to possession of the rifle as a convicted felon because the 188-month sentence was driven by the drug crime, and not the gun crime for which Cooper received a concurrent sentence.

### III. CONCLUSION

Cooper's motion came far too late. Moreover, the claim of ineffective assistance of counsel is wholly without merit. Wythers did a great job for Cooper and even if he erred, there was no prejudice.

IT IS ORDERED that:

1. The Motion to Vacate under 28 U.S.C. § 2255 (filing 86) is denied and dismissed with prejudice.

2. A separate judgment will be issued.

DATED this 5th day of September, 2012.

BY THE COURT:

*Richard G. Kopf*
Senior United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.